# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 15, 2008

Charles R. Fulbruge III
Clerk

No. 08-40395
Summary Calendar

BILLY RAY JOHNSON, By and Through Lue Wilson as Next Friend of Ray
Johnson; LUE WILSON

Plaintiffs - Appellants

v.

DONALD W DOWD, In his official and personal capacity; RALPH K
BURGESS, In his official and personal capacity; THOMAS JOHNSON;
GLENN PERRY; MORRIS DEES; ANN ELLISOR; LENDA BEACHUM

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:07-CV-99

Before WIENER, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The plaintiffs appeal the district court's dismissal of their action based on
judicial immunity and failure to state a claim. For the following reasons, we
affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

## I. FACTS AND PROCEEDINGS

Billy Ray Johnson suffered disabling injuries resulting from an assault, and his friend Lue Wilson brought a civil suit against the assailants on his behalf. Johnson ultimately obtained a $9 million verdict in a jury trial presided over by Judge Ralph K. Burgess. In subsequent proceedings before Judge Donald D. Dowd, Lenda Beachum was appointed temporary guardian of Johnson and his estate. Wilson then filed this action under 42 U.S.C. § 1983 and 42 U.S.C. § 1985 on his own behalf and on behalf of Johnson as next friend. The complaint alleges that the defendants—Burgess, Dowd, Beachum, counsel for Beachum and Johnson, and Ann Ellisor, the owner of the nursing center where Johnson resided at that time—violated the plaintiffs' constitutional rights in both the civil suit against Johnson's assailants and the guardianship proceedings.

The defendants filed motions to dismiss under Rule 12(b)(6). The district court dismissed the claims against Burgess and Dowd based on judicial immunity and against the non-judicial defendants for failure to state a claim; the district court's order also expressly allowed the plaintiffs to amend their complaint with respect to the non-judicial defendants only. The plaintiffs filed an amended complaint that did not contain any new allegations and reiterated the same claims against Burgess and Dowd. Again, the defendants moved to dismiss, and Burgess and Dowd filed a motion for sanctions under Rule 11. The district court ultimately dismissed all claims with prejudice and sanctioned the plaintiffs for re-filing claims against Burgess and Dowd. The plaintiffs now appeal the dismissal of their claims against all defendants.[1]

---

[1] The plaintiffs do not appeal the district court's award of Rule 11 sanctions.

## II. STANDARD OF REVIEW

"This court reviews de novo a district court's dismissal pursuant to Rule 12(b)(6)." Ballard v. Wall, 413 F.3d 510, 514 (5th Cir. 2005). "All of the plaintiff's allegations must be accepted as true, and the dismissal will be affirmed only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Id. at 514–515 (internal quotation omitted). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002) (quotation omitted).

## III. DISCUSSION

The plaintiffs contend that the district court erred in holding that Burgess and Dowd were immune from suit. Judicial immunity can be overcome in only two sets of circumstances: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. 9, 11–12 (1991). In determining whether a judge acted outside the scope of his judicial capacity, this court considers:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

Malina v. Gonzales, 994 F.2d 1121, 1124 (5th Cir. 1993). These factors are broadly construed in favor of immunity. Id. Regarding the second set of

circumstances articulated in Mireles, a judge is entitled to judicial immunity as long as he had "some subject-matter jurisdiction" over the dispute, even if he acted "in excess of his authority." Id. at 1125.

According to the complaint, Burgess improperly appointed Johnson's guardian ad litem during the civil proceedings against his assailants. In addition, Burgess allegedly excused Wilson from jury duty in unrelated proceedings to allow him to attend a deposition conducted by Johnson's attorneys. Examining Burgess's alleged conduct under the Melina factors, it is clear that he was acting in his judicial capacity, and there is no allegation that he did not have subject matter jurisdiction to conduct these proceedings. The complaint's allegations with respect to Dowd are equally ineffective to overcome the protections of judicial immunity, as they relate solely to his role as the judge presiding over the temporary guardianship proceedings. The complaint alleges that Dowd failed to ensure that Johnson had proper counsel and a guardian ad litem to protect his interests and did not provide adequate notice of the proceedings to the plaintiffs. Again, the complaint contains no allegation that Dowd's actions were taken outside the scope of his judicial authority or without jurisdiction over the guardianship proceedings. At most, the plaintiffs have alleged procedural errors, and "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." Stump v. Sparkman, 435 U.S. 349, 359 (1978). Therefore, the district court properly concluded that Burgess and Dowd were immune from suit.

The plaintiffs correctly note that, even if Burgess and Dowd are entitled to judicial immunity, the non-judicial defendants can still be held liable as "state

4

actors" under § 1983. See Ballard, 413 F.3d at 518. However, private conduct by these defendants will be charged to the State only if one of the following tests is satisfied: (1) if the private entity "performs a function which is traditionally the exclusive province of the state," or (2) if the state "exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the [s]tate," or (3) where the government has "so far insinuated itself into a position of interdependence with the private actor that it was a joint participant in the enterprise." Bass v. Parkwood Hosp., 180 F.3d 234, 242 (5th Cir. 1999) (quotations and alterations omitted). "Under any formula, . . . the inquiry into whether private conduct is fairly attributable to the state must be determined based on the circumstances of each case." Id.

The plaintiffs have alleged no facts that would support a finding of state action. From a fair reading of the complaint, it appears that the non-judicial defendants were litigants and participants in court proceedings, and had no other relationship to, or interaction with, Burgess and Dowd. It is well-established that "no 'state action' is involved when the state merely opens its tribunals to private litigants." Hollis v. Itawamba County Loans, 657 F.2d 746, 749 (5th Cir. Unit A Sept. 1981). A private citizen does not become a state actor simply "by filing a private civil action, even where authorized by state statutes" or "by initiating civil commitment procedures against another person." Bass, 180 F.3d at 242. The complaint's vague and conclusory allegation that the defendants acted "in concert and under the color of authority" to violate the plaintiffs' constitutional rights is insufficient to survive a motion to dismiss.

Accordingly, the district court correctly dismissed the plaintiffs' claims against the non-judicial defendants.

We also agree with the district court that the complaint failed to state a conspiracy claim under 42 U.S.C. § 1985. "In this circuit, we require an allegation of a race-based conspiracy to present a claim under § 1985(3)." Horaist v. Doctor's Hosp. of Opelousas, 255 F.3d 261, 271 (5th Cir. 2001) (internal quotation omitted). The complaint is entirely devoid of any factual allegations that racial considerations motivated the defendants' conduct.

Finally, also before this court is a motion by Burgess and Dowd requesting that the plaintiffs be sanctioned for bringing a frivolous appeal pursuant to Rule 38 of the Federal Rules of Appellate Procedure. While the plaintiffs' argument that Burgess and Dowd are not entitled to judicial immunity is without merit and arguably frivolous, we decline to impose sanctions under Rule 38 at this time. However, we take this opportunity to warn the plaintiffs that future frivolous appeals in this court—including any frivolous petitions for rehearing—will result in the imposition of sanctions.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

SANCTIONS WARNING ISSUED.