# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-41139
Summary Calendar

BILLY RAY JOHNSON, By and Through Lue Wilson as Next Friend of Ray
Johnson; LUE WILSON

Plaintiffs-Appellants

v.

DONALD W DOWD, In his official and personal capacity; RALPH K
BURGESS, In his official and personal capacity; THOMAS JOHNSON;
GLENN PERRY; MORRIS DEES; ANN ELLISOR; LENDA BEACHUM

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:07-CV-99

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This is an appeal of the district court's award of Rule 11 sanctions against
the plaintiffs' attorney, Claudene T. Arrington. For the following reasons, the
judgment of the district court is affirmed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

I.

Billy Ray Johnson suffered disabling injuries resulting from an assault, and his friend Lue Wilson brought a civil suit in Texas state court against the assailants on his behalf. After the civil trial—in which Johnson recovered a nine million dollar verdict—and subsequent guardianship proceedings, Wilson filed the underlying action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 on his own behalf and on behalf of Johnson as next friend. Plaintiffs sued numerous defendants: Lenda Beachum (Johnson's cousin and court-appointed temporary guardian at the time this case was filed); attorneys Thomas Johnson and Glenn Perry (counsel to Beachum in the guardianship proceeding); attorney Morris Dees (counsel to Johnson); and Ann Ellisor (the owner of the Texarkana Nursing Center where Johnson resided at the time) (collectively, "non-judicial defendants"). Plaintiffs also named Judge Ralph K. Burgess (presiding judge in the state civil trial) and Judge Donald W. Dowd (presiding judge in the guardianship proceedings) (collectively, "judicial defendants") as defendants in their official and personal capacities. The complaint alleged that plaintiffs' constitutional rights were violated in both the civil suit against Johnson's assailants and the guardianship proceedings.

The judicial defendants filed motions to dismiss under Rule 12(b)(6) asserting that they were immune from suit under the doctrine of judicial immunity. The district court granted these motions on December 26, 2007, holding that the judicial defendants were entitled to absolute immunity because they were acting in their judicial capacities. After the dismissal, the district court granted plaintiffs leave to file an amended complaint only as to the non-judicial defendants. Plaintiffs instead filed an amended complaint that did not contain any new allegations and reiterated the same claims against both the judicial defendants and the non-judicial defendants. All of the defendants moved

to dismiss the action. The judicial defendants filed a motion for sanctions under Rule 11.

On March 13, 2008, the district court dismissed all claims with prejudice and sanctioned Arrington, the plaintiffs' attorney, under Rule 11 for re-filing claims against the judicial defendants. On April 10, 2008, the plaintiffs appealed the dismissal of the action on the merits, but did not appeal the order issuing sanctions against Arrington. This court affirmed the judgment of the district court dismissing all of the plaintiffs' claims on December 15, 2008. *Johnson ex rel. Wilson v. Dowd*, 305 F. App'x 221, 2008 WL 5212795 (5th Cir. December 15, 2008) (unpublished).

On September 9, 2008, following the appeal on the merits, the district court set the award of sanctions against plaintiffs, rather than Arrington, in the amount of $5,377.50—the amount of attorneys' fees and costs incurred by the judicial defendants as a result of the sanctionable conduct. On September 19, 2008, the non-judicial defendants filed a motion to clarify the court's September 9 order, requesting that the court order Arrington, rather than the plaintiffs, to pay the monetary sanction awarded. The district court granted this motion to clarify on September 23, 2008, specifying that Arrington, rather than plaintiffs, was required to pay the monetary sanction. On October 17, 2008, plaintiffs filed a motion to set aside the district court's September 9 and September 23 orders. The district court denied this motion to set aside in a October 22, 2008 order. The instant appeal was filed on October 22, 2008.

## II.

Defendants first argue that the plaintiffs' notice of appeal was insufficient under Rule 3(c). Fed. R. App. P. 3(c). In the notice of appeal, plaintiffs specifically appeal only the district court's September 23 clarification order and October 22 order refusing to set aside. In their brief, plaintiffs explicitly specify that they are appealing the September 9, 2008 order, which set the amount of

the monetary sanctions, rather than the orders specified in their notice of appeal. In addition, the notice of appeal references only the plaintiffs as the appealing parties, rather than the plaintiffs' counsel Arrington, who was the subject of the sanctions.

The Supreme Court has noted that "imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court." *Becker v. Montgomery*, 532 U.S. 757, 767 (2001). Rule 3(c) provides that a notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R. App. P. 3(c). "In general, this court liberally construes a notice where the intent to appeal an unmentioned ruling is apparent and there is no prejudice to the adverse party." *NCNB Texas Nat'l Bank v. Johnson,* 11 F.3d 1260, 1269 (5th Cir. 1994) (citation omitted). "If a party mistakenly designates the ruling from which he seeks to appeal, the notice of appeal is liberally construed and a jurisdictional defect will not be found if (1) there is a manifest intent to appeal the unmentioned ruling *or* (2) failure to designate the order does not mislead or prejudice the other party." *Trust Co. of La. v. N.N.P. Inc.*, 104 F.3d 1478, 1486 (5th. Cir. 1997) (emphasis added).

Here, the notice of appeal fails to mention the order which is being appealed according to the substance of the briefs, namely the September 9, 2008 order fixing the amount of the sanction award.[1] However, the notice does

---

[1] Defendants also contend that plaintiffs' notice of appeal was untimely. The filing of a timely notice of appeal, within thirty days after entry of the court's judgment, is mandatory and jurisdictional. *Kinsley v. Lakeview Reg'l Med. Ctr. LLC*, 570 F.3d 586, 588 (5th Cir. 2009). Defendants contend that the thirty-day time period in which the plaintiffs had to appeal the March 13, 2008 order awarding sanctions and the September 9, 2008 order fixing the amount of sanctions had passed. Defendants err in this contention. The law of this court specifies that an award of sanctions without specifying a quantum is not a final order and is not appealable. *Southern Travel Club, Inc. v. Carnival Air Lines, Inc.*, 986 F.2d 125, 131 (5th Cir. 1993) (per curiam). Thus, plaintiffs could not have appealed from the March 13 sanctions order, which did not fix the amount of the sanction. In addition, plaintiffs' notice of appeal, filed October 22, 2008, was timely as to the September 9 order. The defendants filed a motion to clarify the

mention two orders that relate to the award of sanctions, the order clarifying the sanction award and the order denying the plaintiffs' motion to set aside the sanction award. Furthermore, both sides briefed the issue of the Rule 11 sanctions, and there is no indication that the defendants are in any way prejudiced by an appeal on that issue. Thus, the notice of appeal, liberally construed, is sufficient to provide us with jurisdiction to hear challenges to the unenumerated sanctions order.

The notice of appeal's failure to name the proper party as the appellant is also not fatal to the appeal. "An appeal will not be dismissed . . . for failure to name a party whose intent to appeal is otherwise clear from the notice." *Garcia v. Wash*, 20 F.3d 608, 609 (5th Cir. 1994) (quoting Fed. R. App. P. 3(c)). In *Garcia*, this court held that a notice of appeal naming the plaintiff, rather than plaintiff's attorney, as the appellant in an appeal of sanctions issued against the attorney was sufficient under the requirements of Rule 3(c). *Id.* at 610. The court reasoned that even though the attorney was not formally named in the notice of appeal, his intent to appeal the award of sanctions was clear from the notice of appeal because the notice appealed the final judgment, in which sanctions were assessed against the attorney individually. *Id.* Here, the notice of appeal, though it does not formally name Arrington as the party, does appeal two district court orders that are explicitly related to the award of sanctions

---

September 9 order on September 19, which served to extend the deadline for appeal. Fed. R. App. P. 4(a)(4)(iv) (stating that the time to file a notice of appeal runs for all parties from the entry of the order disposing of a timely filed Rule 59(e) motion to alter or amend the judgment). Because the district court did not enter its order granting the defendants' motion to clarify until September 23, 2008, the plaintiffs had until October 23, 2008—30 days after the clarification order was entered—to file their notice of appeal. Thus, plaintiffs' October 22, 2008 notice of appeal was timely.

against Arrington. Therefore, Arrington's intent to appeal is sufficient to meet the requirements of Rule 3(c).

## III.

Arrington contends that the district court abused its discretion in awarding Rule 11 sanctions against her. "We review all aspects of the district court's decision to invoke Rule 11 and accompanying sanctions under the abuse of discretion standard." *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 968 F.2d 523, 529 (5th Cir. 1992). A district court abuses its discretion if it imposes sanctions based on (1) an erroneous view of the law or (2) a clearly erroneous assessment of the evidence. *Skidmore Energy, Inc. v. KPMG*, 455 F.3d 564, 566 (5th Cir. 2006) (citation omitted). Rule 11 states that attorneys must not file suit for any improper purpose or without evidentiary support for the allegations contained in the complaint. Fed. R. Civ. P. 11(a)(1), 11(a)(3).

The district court did not abuse its discretion in sanctioning Arrington. The district court dismissed the plaintiffs' claims against all defendants and granted the plaintiffs leave to amend the complaint against the non-judicial defendants. However, the court expressly dismissed the plaintiffs' claims against the judicial defendants with prejudice because the judicial defendants were absolutely immune from suit under the facts alleged in complaint. Arrington, however, ignored the order of the district court and re-filed the plaintiffs' claims against the judicial defendants while at the same time asking the court to reconsider dismissing the plaintiffs' claims in the case. The judicial defendants were forced to incur costs and fees to respond to the amended complaint, after having already been dismissed from the suit. The court was well within its discretion in awarding sanctions against Arrington under these circumstances.

Arrington's contention is that she was not afforded a proper opportunity to respond to the defendants' motion for sanctions is without merit. The motion

for sanctions complied with the procedural requirements of Rule 11 and was served on Arrington on January 14, 2008, 21 days before the motion was filed with the court on February 4, 2008, in accordance with the "safe harbor" provisions of Rule 11. Fed. R. Civ. P. 11(c)(1)(a). Arrington was afforded fifteen days to respond to the motion, and did respond, but failed to address the merits of the motion for sanctions. Arrington failed to cure the sanctionable pleading or otherwise address the merits of the Rule 11 motion before the motion was granted on March 13, 2008. Thus, the district court did not abuse its discretion in imposing sanctions against Arrington.

IV.

The motion of the appellees, Lenda Beachum, Morris Dees, Thomas Johnson, and Glenn Perry, for additional sanctions against plaintiffs' attorney Claudene Arrington pursuant to Rule 38 is DENIED.[2]

The motion of the appellees, Ralph Burgess and Donald W. Dowd, to strike the appellants' reply brief is DENIED.

The appellants' motion to strike the brief of appellees, Thomas Johnson, Glenn Perry, Morris Dees, and Lenda Beachum, is DENIED.

The judgment of the district court awarding sanctions under Rule 11 is AFFIRMED.

---

[2] We acknowledge that in the plaintiffs' prior appeal on the merits, this court issued a sanctions warning against the plaintiffs. *Johnson ex rel. Wilson*, 305 F. App'x at 224. However, because the notice of appeal in this matter was filed two months prior to this court's sanction warning, we decline to impose sanctions under Rule 38 at this time. We remind the plaintiffs and counsel that any future frivolous appeals in this court—including any frivolous petitions for rehearing—will result in the imposition of sanctions.