# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31117
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 12, 2017

Lyle W. Cayce
Clerk

ANGELA JONES,

Plaintiff - Appellee

v.

MICHAEL PRESCOTT, in his individual and official capacities,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-2304

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

This appeal stems from the district court's disbursement of settlement funds that had been deposited in the registry of the court. FED. R. CIV. PRO. 67. Finding no reversible error, we AFFIRM.

## I.    BACKGROUND and PROCEDURAL HISTORY

In the underlying lawsuit, Plaintiff–Appellee Angela Jones ("Jones") filed a civil rights employment action against the Board of Supervisors of the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31117

University of Louisiana System ("the University") and also named certain campus police officers as Defendants, including Defendant–Appellant Michael Prescott ("Prescott"). Prior to the instant lawsuit, Prescott had filed a defamation suit in Louisiana state court against Jones. In the state defamation suit, Prescott obtained a default judgment against Jones in the amount of $175,000. Based on that judgment, Prescott obtained a writ of *fieri facias*, and served the University with a petition for garnishment on November 5, 2015. The writ apparently was served on the University in anticipation of a money judgment against the University and in favor of Jones.

Subsequently on March 22, 2016, the parties in the instant case civil rights suit entered into a settlement agreement in which the Defendants would pay Jones $75,000, and Jones would dismiss her claims. On April 21, Jones filed a motion to request that the settlement proceeds be deposited in the registry of the court pursuant to Rule 67 of the Federal Rules of Civil Procedure. On May 12, 2016, the district court granted the motion, and the Defendants deposited the $75,000 in settlement funds into the registry of the district court.

On June 13, Jones filed a motion for attorney's fees and costs in the amount of $32,695 to be released from the registry of the court. Prescott filed an opposition to Jones's motion, asserting that the court had improvidently granted the motion to deposit the proceeds of the settlement in the court registry. Prescott also requested oral argument, and the court heard arguments on June 29. After hearing argument, the court ordered the University to provide a "copy of the executed writ and evidence of when and how it was served." The University filed a copy of the executed writ that had been served at its office on November 5, 2015.

On July 8, 2016, Prescott filed a motion requesting the court to order that $50,000 be withdrawn from the court's registry and returned to the

No. 16-31117

University.  On August 29, 2016, the court granted Jones's motion to release attorney's fees and costs from its registry.  On September 23, the court denied Prescott's motion to return $50,000 in funds to the University.  The court found that the writ had not properly seized the settlement funds because the writ was served on the University on November 5, 2015, and the settlement funds did not come "into existence" until March of 2016.  The court then recognized that the Louisiana Code of Civil Procedure provides that "a garnishment shall not be continuing in nature and the garnishee need only respond as to the property of the judgment debtor that the garnishee has in his possession or under his control at the time the garnishment interrogatories are served on him."  La. C.C.P. art. 2411(c);  *see also Pine Tree Associates v. Subway Restaurants, Inc.*, 643 So.2d 1271, 1274 (La. App. 5 Cir. 1994) ("The test of a garnishee's liability to the judgment creditor is whether the garnishee has in his hands the principal debtor's property, funds, or credits, for the recovery of which the debtor has a present subsisting cause of action.").  In other words, the court found that because the University had not entered into an agreement to pay Jones $75,000 until several months after the writ was served, the funds were not properly seized.

Additionally, in that September 23 order, the court ordered the clerk to draw a check for the remaining funds in the registry made payable to Jones and dismissed Jones's claims against the Defendants with prejudice.  On September 26, Prescott filed a motion to stay the order releasing the funds from the registry, which the district court denied.  Prescott timely filed a notice of appeal, which provides that he is appealing the courts orders dated September 23 and September 26.

3

No. 16-31117

II.    ANALYSIS

A. Appellate Jurisdiction

Although the parties do not challenge our jurisdiction, we must examine the basis of our jurisdiction, *sua sponte*, if necessary. *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir. 1987). Prescott's notice of appeal provides that he is appealing the district court's orders dated September 23 (order releasing remaining settlement funds to Jones and denying Prescott's motion to return funds to the University) and September 26 (order denying Prescott's motion to stay the release of funds to Jones). However, two of the three appellate issues raised by Prescott challenge the district court's May 12 order granting Jones's motion to deposit the settlement funds in the court registry pursuant to Rule 67. Prescott's notice of appeal does not reference the May 12 order.[1]

Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure provides that the "notice of appeal must . . . designate the judgment, order, or part thereof being appealed." "However, a policy of liberal construction of notices of appeal prevails in situations where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party." *C.A. May Marine Supply Co. v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. 1981).

We conclude that Prescott's intent to challenge the district court's May 12 order granting Jones's motion to deposit the funds in the court's registry is apparent from the record. The court's September 23 order denied Prescott's motion to release funds from the registry. In support of that motion, Prescott had expressly relied upon his previous filing in which he had argued that the motion to deposit the funds in the court registry was improvidently

---

[1] The notice of appeal provides that the orders dated September 23 and September 26 are being appealed, and then it sets forth a parenthetical citing to documents numbered 145, 146 and 147. None of those cited numbers refer to the May 12 order, which is Document 118. Also, none of the cited numbers refer to the September 23 order, which is Document 144.

4

granted. In further support of that motion, Prescott raised the same abstention argument he urges on appeal with respect to the district court's May 12 order. We find that the court's May 12 order depositing the funds is related to the September 23 order denying release of the same funds. Accordingly, we conclude that the notice of appeal's mention of the related September 23 order is sufficient to confer appellate jurisdiction over the related May 12 order. *See Johnson ex rel. Wilson v. Dowd,* 345 F. App'x 26, 29 (5th Cir. 2009) (explaining that although the notice of appeal did not mention the sanctions order, because it did mention two orders related to the award of sanctions, the notice of appeal was sufficient to confer appellate jurisdiction over the sanctions order). "Moreover, any doubts as to [Prescott's] intent to appeal these issues are resolved by [Prescott's brief], in which [he] advances arguments" challenging the May 12 order. *New York Life Ins. Co. v. Deshotel,* 142 F.3d 873, 884 (5th Cir. 1998).

We also conclude that Jones has not been prejudiced by the defect in the notice of appeal. In her brief before this Court, Jones responded to Prescott's challenges to the district court's May 12 order. *Cf. United States v. Lopez-Escobar,* 920 F.2d 1242, 1244–45 (5th Cir. 1991) (concluding that because the government had briefed the issue it would not be prejudiced if the Court reviewed the issue). Under these circumstances, we are persuaded that the record indicates that Prescott intended to appeal the related May 12 order and that Jones was not misled or prejudiced.

B.  Deposit of Settlement Proceeds in Court Registry

Prescott argues that the district court improvidently granted Jones's motion to deposit the settlement proceeds in the registry of the court. "Pursuant to Rule 67 of the Federal Rules of Civil Procedure, a party may deposit a sum of money with the court. Once funds are deposited, the court should determine ownership and make disbursements." *In re Craig's Stores of*

*Texas, Inc.,* 402 F.3d 522, 524 (5th Cir. 2005). "Whether Rule 67 relief should be available in any particular case is a matter committed to the sound discretion of the district court." *Cajun Elec. Power Co-op., Inc. v. Riley Stoker Corp.*, 901 F.2d 441, 445 (5th Cir. 1990).

Prescott fails to cite a single case in support of this argument. We thus conclude that his failure to adequately brief the issue renders it abandoned on appeal. *Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *see also* FED. R.APP. P. 28(a)(9)(A) (requiring appellant's brief to provide citations to authorities in support of argument). Accordingly, Prescott has not shown that the court abused its sound discretion in granting the motion to deposit the settlement proceeds in its registry.

C. Abstention

Prescott next contends that the court's order to deposit the settlement proceeds in its registry effectively enjoined the execution of the writ that had been issued by the Louisiana state court and served on the University. Prescott argues that the order constituted interference in a state court proceeding in violation of the holding in *Younger v. Harris*, 401 U.S. 37 (1971). Thus, he asserts that the district court erred by failing to abstain from ruling on Jones's motion to deposit her settlement proceeds in the court's registry. We review a district court's abstention decision for abuse of discretion. *Alexander v. Ieyoub,* 62 F.3d 709, 712 (5th Cir. 1995).

We must therefore determine whether the district court abused its discretion in refusing to abstain from ruling under the doctrine of *Younger.* There are three categories of exceptional state court cases in which a federal court *may* abstain pursuant to *Younger*: (1) ongoing state criminal proceedings; (2) certain civil enforcement proceedings that are analogous to criminal proceedings; and (3) "pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their

judicial functions." *Sprint Commc'n, Inc., v. Jacobs,* 134 S. Ct. 584, 591 (2013) (internal quotations marks and citations omitted).  The state court proceeding at issue was a defamation suit, which was not a criminal proceeding or analogous to a criminal proceeding.  With respect to the third category of cases, Prescott has failed to show that the defamation case involved orders that were uniquely in furtherance of the state court's ability to perform its judicial function.

Moreover, the abstention doctrine of *Younger* "applies to suits for injunctive and declaratory relief." *Google, Inc., v. Hood,* 822 F.3d 212, 222 (5th Cir. 2016).  The abstention doctrine in *Younger* does not apply to a federal suit seeking only damages.  *Alexander*, 62 F.3d at 713.  The instant employment suit did not involve a request for any injunctive or declaratory relief with respect to the state court proceedings.  The instant suit sought monetary damages, and Jones obtained a monetary settlement.  Nonetheless, Prescott attempts to frame the district court's order to deposit the settlement proceeds in its registry as effectively enjoining the execution of the writ that had been issued by the Louisiana court.  We are unconvinced by this argument.  Here, the district court held that the writ did not properly seize the funds under Louisiana law.  The court granted the motion to deposit in its registry the settlement proceeds in accordance with Rule 67.  The district court's order did not purport to enjoin a state court proceeding.  Thus, the abstention doctrine of *Younger* does not apply.  Prescott has failed to show that the district court abused its discretion in declining to abstain under *Younger*.

D. Rule 62 Stay

Finally, Prescott argues that the district court erred when it allowed Jones to withdraw the settlement funds the same day it granted her motion to withdraw.  More specifically, Prescott argues that the district court erred by denying his motion for an automatic stay pursuant to Rule 62 of the Federal

Rules of Civil Procedure. Rule 62(a) provides in relevant part that "no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry."

The district court denied Prescott's motion to stay its order disbursing the settlement funds to Jones, holding that Rule 62(a) did not apply to the court's order because its order did not constitute a "judgment." Relying on Black's Law Dictionary, the court stated that: "A judgment is '[a] court's final determination of the rights and obligations of the parties in a case.'" ROA. 1120 n.1 (quoting *Black's Law Dictionary* (10th ed. 2014)). The court then stated that its "order to disburse funds was not a final determination of the rights or obligations of the parties in this matter." *Id.* However, Rule 54(a) of the Federal Rules of Civil Procedure provides that: "'Judgment' as used in these rules includes a decree and any order from which an appeal lies." It is undisputed that the disbursement order was appealable. Thus, it appears that the district court erred in ruling that the automatic stay in Rule 62(a) did not apply to its order granting the disbursement of funds.

In any event, we will assume *arguendo* for purposes of this appeal that the court erred in failing to grant an automatic stay with respect to its order disbursing the settlement funds. Nonetheless, as explained above, because Prescott has failed to show that the district court erred in allowing Jones to withdraw the settlement funds, any error was harmless. *See Scot Lad Foods, Inc. v. Ames Food Mkt, Inc.,* 791 F.2d 935 *2 (6th Cir. 1986) (unpublished) (finding harmless error because the appellant "set forth no credible argument that it was injured in any manner designed to be protected by Rule 62(a) by the loss of the ten-day automatic stay").[2]

---

[2] In 2009, Rule 62(a) was amended to extend the time in which judgments are subject to an automatic stay from 10 to 14 days. *See* Wright and Miller's Federal Practice and Procedure, Civil § 2902, n.1.

III.    CONCLUSION

For the above reasons, the district court's judgment is AFFIRMED.