# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 4, 2025

Lyle W. Cayce
Clerk

————————

No. 23-30345

————————

STACEY BADON, *on Behalf of Herself and All Those Similarly Situated*;
ALTRAVESE GARDNER; DEREINISHA N. JOHNSON; DIANE
JONES; GLORIA WILLIAMS; SHENEATHA BAPTISTE; TREONDA
IRVIN; FRANCIS F. PAZ PESSOA; FRANCINE VEAL DIXON; RENA
LYONS,

*Plaintiffs—Appellees*,

*versus*

BERRY'S RELIABLE RESOURCES, L.L.C.; RHONDA WILLIAMS,

*Defendants—Appellants*,

*versus*

LOUISIANA DEPARTMENT OF HEALTH,

*Garnishee—Appellee*,

_____

ANTHONY BADON,

*Plaintiff—Appellee*,

*versus*

BERRY'S RELIABLE RESOURCES, L.L.C.; RHONDA WILLIAMS,

*Defendants—Appellants*,

_____

FRANCINE DIXON, *on behalf of herself and all those similarly situated*,

*Plaintiff—Appellee*,

*versus*

BERRY'S RELIABLE RESOURCES, L.L.C.; RHONDA WILLIAMS; TYESE BERRY; RAEON WILLIAMS,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC Nos. 2:19-CV-12317, 2:20-CV-584,
2:21-CV-596

_____

Before WIENER, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:[*]

This is an attorney-fee and garnishment appeal. Defendants–Appellants Berry's Reliable Resources L.L.C. (BRR) and affiliated employers have already challenged the jury's verdict, raising a host of constitutional, statutory, and evidentiary objections. We addressed those arguments—and affirmed the district court—in *Badon v. Berry's Reliable Res., L.L.C.* ("*Badon I*"), No. 22-30547, 2024 WL 4540334, at *1 (5th Cir.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

2

No. 23-30345

Oct. 22, 2024). Undeterred, the employers return—this time seeking to reduce or avoid court-ordered obligations following their jury-trial defeat. Once again, we AFFIRM.

I

Over the course of four years and through three consolidated cases, individual employees (Plaintiffs-Appellees) sued Defendants for unpaid overtime, minimum wages, final wages, and damages for wrongful termination under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.*, and the Louisiana Wage Payment Act, LA. REV. STAT. 23:231 *et seq.* On August 17, 2022, after a two-and-a-half-day trial, a jury returned a verdict in Plaintiffs' favor. The district court entered final judgment on October 6, 2022.

Following trial, Plaintiffs moved for liquidated damages and attorney fees. BRR objected to the magistrate judge's grant of those motions and to the award of $181,062.00 in attorney fees and $7,102.32 in costs. The district court adopted the magistrate judge's report and recommendation in full and awarded $188,164.32 in attorney fees and costs.[1] BRR then filed a timely amended notice of appeal challenging the attorney-fee award.

Plaintiffs later moved for a writ of garnishment, and BRR responded by seeking to quash the writ or stay the execution of judgment. In May 2023, the district court granted the writ and denied BRR's motion to quash or stay. BRR filed a timely amended notice of appeal from that denial.

---

[1] BRR erroneously suggests that the district court awarded $241,987.32, the amount that Plaintiffs originally requested.

II

In somewhat opaque briefing, BRR appears to press three claims: (1) that the district court's attorney-fee award was unreasonable; (2) that the court abused its discretion in granting Plaintiffs' motion for garnishment and denying BRR's motion to quash or stay the writ and judgment; and (3) that BRR's due process rights were violated. For the reasons that follow, none of these arguments has merit.

A

We first assess the district court's award of attorney fees. "We have jurisdiction under 28 U.S.C. § 1291 because the attorney-fee order on appeal is a final decision of the district court." *Morrow v. Jones*, 140 F.4th 257, 260 (5th Cir. 2025). The district court faithfully applied governing precedent and awarded a reasonable fee.

"We review[ ] an award of attorney[] fees for abuse of discretion." *Id.* at 261 (citation and quotation marks omitted). To constitute an abuse of discretion, the district court's decision must rest on either "an erroneous application of the law, or on an assessment of the evidence that is clearly erroneous." *In re High Sulfur Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 227 (5th Cir. 2008) (citation omitted). Our review is limited to "determin[ing] if the [district] court sufficiently *considered* the appropriate criteria." *Fessler v. Porcelana Corona De Mex., S.A. DE C.V.*, 23 F.4th 408, 418 (5th Cir. 2022) (emphasis in original) (quoting *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995)).

"The determination of a fees award is a two-step process." *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379 (5th Cir. 2010), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011). First, the court calculates the lodestar: the number of hours reasonably expended on the matter, multiplied by the prevailing hourly rate in the community for similar work. *See id.* Courts must exclude any hours

worked that were "excessive, duplicative, or inadequately documented." *Id.* at 379–80. Second, the court *may*—though is not required to—adjust the lodestar based on the twelve *Johnson* factors: "(1) [t]he time and labor required"; "(2) [t]he novelty and difficulty of the questions"; "(3) [t]he skill requisite to perform the legal service properly"; "(4) [t]he preclusion of other employment by the attorney due to acceptance of the case"; "(5) [t]he customary fee"; "(6) [w]hether the fee is fixed or contingent"; "(7) [t]ime limitations imposed by the client or the circumstances"; "(8) [t]he amount involved and the results obtained"; "(9) [t]he experience, reputation, and ability of the attorneys"; "(10) [t]he 'undesirability' of the case"; "(11) [t]he nature and length of the professional relationship with the client"; "(12) [a]wards in similar cases." *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).

BRR focuses its challenge on three issues: the reasonableness of the hourly rate, the reasonableness of the hours expended, and the proportionality of the fee award relative to Plaintiffs' damages. But we discern no abuse of discretion in the district court's analysis.[2]

1

To begin, the hourly rate awarded was reasonable.

BRR objects to a $350 hourly rate for Plaintiffs' counsel's services. But the district court did not adopt that rate. Instead, the magistrate judge reduced it to $300, and the district court adopted that recommendation.

---

[2] As noted by Plaintiffs, BRR's briefing does not address the amount of damages awarded to Plaintiffs or costs. To the extent BRR intended to appeal those issues, they have been forfeited. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

BRR offers no explanation why $300—rather than the $350 it complains of—is unreasonable.

Nor can it. We have already determined that $300 per hour is an appropriate rate for FLSA claims in the New Orleans area. *See Badon v. Berry's Reliable Resources, L.L.C.*, No. 22-30547, slip op. at 5-6 (5th Cir. Apr. 18, 2025). Even if a claimant does not provide sufficient evidence to prove a rate is reasonable, "we have said that a court is 'entitled to rely on' other sources to determine reasonable hourly rates, such as 'state bar surveys, attorney[] fees in similar cases, and the skills of [the] attorneys.'" *Id.* (citation omitted). We made that assessment *in this very case*. For the attorney-fee motion in BRR's merits appeal—and for the same counsel who tried the case—we held that $300 was an appropriate rate both in the Eastern District of Louisiana and in this circuit generally. *See id.* at 6.

Moreover, BRR overlooks multiple indicators of reasonableness in the record. First, contrary to BRR's assertions, Plaintiffs submitted more than just trial counsel's affidavit attesting to the reasonableness of their rate. They also submitted an affidavit from another local attorney, John Pieksen, Jr., who confirmed that a $350 hourly rate is reasonable in the Greater New Orleans area. Second, Plaintiffs' motion cited comparable cases involving attorneys of similar experience and skill in the same geographic area, where courts approved rates at or above $350 per hour. *See, e.g., Jones v. New Orleans Reg'l Physician Hosp. Org.*, No. CV 17-8817, 2019 WL 6770029, at *2 (E.D. La. Dec. 12, 2019) ($355 per hour); *Altier v. Worley Catastrophe Response, LLC*, No. CV 11-241, 2012 WL 161824, at *22 (E.D. La. Jan. 18, 2012) ($350, $375, and $400 per hour).

Given this record, the district court's award of $300 per hour was well within reason.

No. 23-30345

2

Next, the number of hours for which Plaintiffs' counsel received an award was also reasonable. Again, BRR either misstates or overlooks the record in complaining about a 670.6-hour awarded for what it calls a "relatively simple case."

BRR's argument fails to account for the district court's 10 percent reduction to account for billed administrative work. As we have explained, "If there is no evidence of billing judgment . . . then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'" *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (citation omitted). Here, the district court did exactly that—it closely reviewed the records, found billing judgment lacking, and reduced the hours accordingly. It ultimately calculated the lodestar based on just 603.54 hours.

BRR also claims the records were inadequate, but that argument does not hold up either. Plaintiffs submitted contemporaneous time records along with their briefing. Those records gave the district court sufficient basis to determine whether the hours expended were "excessive, duplicative, or inadequately documented." *See Jimenez*, 621 F.3d at 379–80.

Finally, BRR's call for a downward adjustment under *Johnson*, based on this case's supposed simplicity, falls short for two reasons. First, the "complexity" of a case is "presumably fully reflected in the lodestar amount." *Pennsylvania v. De. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (citing *Blum v. Stenson*, 465 U.S. 886, 898–900 (1984)), *supplemented*, 483 U.S. 711 (1987). Reapplying that factor would be "impermissible double-counting." *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). Second, BRR mischaracterizes the time "reasonably expended" on this case. Even if this case "did not involve any

complex legal issue," as BRR suggests, the litigation was protracted and contentious—thanks to BRR's own "frivolous and often wasteful" conduct. Over four years, BRR's obstructive tactics—frivolous motions, combative discovery, and multiple interlocutory appeals—required significant time to address. That time is compensable.

Accordingly, the district court's award for 603.54 hours was reasonable.

3

Finally, BRR suggests that the attorney-fee award is excessive "based on the degree of success obtained, and specifically the amount of money obtained" by Plaintiffs. Even if such a comparison were relevant—which it is not—BRR once again relies on the wrong figures.

To start, BRR does not dispute that Plaintiffs prevailed on their FLSA and FWPA claims. Both statutes entitle prevailing plaintiffs to reasonable attorney fees. 29 U.S.C. 216(b); La. Rev. Stat. 23:632. And even if some time was spent on overlapping non-FLSA claims, recovery is still proper: Fee awards for successful FLSA claims "extend[ ] to time spent on non-FLSA issues to the extent that those issues interrelate and overlap with FLSA ones." *Diaz v. Robert Ruiz, Inc.*, 808 F.2d 427, 429 (5th Cir. 1987) (citing *Williams v. Tri-County Growers*, 747 F.2d 121, 137–38 (3d Cir. 1984)). Plaintiffs' success here was substantial—they prevailed on 20 of 21 claims.

BRR claims Plaintiffs recovered only $32,269.60 in liquidated damages. But that figure omits key components of the judgment. As the record shows, Plaintiffs were awarded at least $90,431.31, *plus* post-judgment interest exceeding 4% per annum, *plus* liquidated damages—for a total award of at least $122,700.91. Comparing the fee award to just the liquidated-damages component is misleading.

BRR also inflates the fee award. It cites $241,987.32 as the award amount, but that was merely the amount Plaintiffs *requested*. The actual award—after reductions—was $188,164.32. When compared to Plaintiffs' full recovery, the fee-to-damages ratio is far less dramatic than BRR suggests.

More importantly, as the district court rightly noted, while "proportionality is an appropriate consideration" in assessing fee awards, *Gurule v. Land Guardian, Inc.*, 912 F.3d 252, 259 (5th Cir. 2018) (quoting *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 802 n.42 (5th Cir. 2006)), we have "consistently emphasized that 'there is no *per se* requirement of proportionality in an award of attorney fees.'" *Id.* (quoting *Combs v. City of Huntington*, 829 F.3d 388, 396 (5th Cir. 2016)). To be sure, we once reversed a fee award that was six and a half times the amount of damages. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1048 (5th Cir. 1998). But *Migis v. Pearle Vision, Inc.* turned on the district court's failure to meaningfully account for the plaintiff's limited success—not on any formal proportionality rule. *See Gurule*, 912 F.3d at 259 (explaining that *Migis* "does not impose a strict proportionality requirement," and "the key flaw" was the district court's failure "'to adequately consider just how limited the plaintiff's success was'").

This case presents no such concern. Plaintiffs succeeded on 20 of 21 claims. And absent any other *Johnson* factors favoring a reduction, there is no reason to slash the lodestar based solely on the amount recovered. *See, e.g.*, *id.* at 257–59 (affirming fee award even when "award was *thirty-three* times [the plaintiff's] net recovery" (emphasis in original)); *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013) ("[W]hile the district court must take the degree of success obtained into account, it would be an abuse of discretion for the district court to reduce [the] attorney's fee award solely on the basis of the amount of damages obtained.").

The district court "sufficiently considered the appropriate criteria." *Fessler*, 23 F.4th at 418. It properly applied the lodestar methodology, and evaluated whether to adjust the lodestar under the *Johnson* factors. Accordingly, it did not abuse its discretion in awarding attorney fees.

### B

We next review the district court's denial of BRR's request to quash or stay Plaintiffs' writ of garnishment and the district court's judgment—which had been entered nearly seven months before BRR's motion.

While we have jurisdiction to review a final order granting a writ of garnishment, an order denying a motion to quash such a writ is not itself final. *See United States v. Branham*, 690 F.3d 633, 635 (5th Cir. 2012) (per curiam); *United States v. Charpia*, 832 F. App'x 344 (5th Cir. 2020) (per curiam); *cf. Nat'l Loan v. Fid. Bank*, 51 F.3d 1045 (5th Cir. 1995) (per curiam). By contrast, we do have jurisdiction to review a denial of a motion to stay execution of judgment under Federal Rule of Civil Procedure 62. *See, e.g.*, *Jones v. Prescott*, 702 F. App'x 205, 207–09 (5th Cir. 2017) (per curiam); *MM Steel, L.P. v. JSW Steel (USA) Inc.*, 771 F.3d 301, 303 (5th Cir. 2014) (per curiam); *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (per curiam). Accordingly, our focus is on the district court's denial of BRR's motion to stay. We review that motion—as with attorney-fee awards—for abuse of discretion. *See Herbert*, 953 F.2d at 939.

BRR has already asked us to stay the judgment once. We denied that request two years ago. *Badon I*, No. 22-30547, ECF 94 (5th Cir. Jul. 21, 2023). BRR then sought reconsideration, citing *Coinbase, Inc. v. Bielski*, 599 U.S. 736 (2023). We denied that, too. *Badon I*, No. 22-30547, ECF 118 (5th Cir. Sept. 11, 2023). We see no reason to revisit those rulings. BRR offers no meaningful argument for how *Coinbase* applies—and we will not make that

argument on BRR's behalf. To the extent BRR had other arguments below, they are forfeited by failure to brief them here. *See Rollins*, 8 F.4th at 397.

Accordingly, the district court did not abuse its discretion in denying BRR's motion to stay execution of the judgment.

## C

Finally, we again reject BRR's constitutional challenges.

In its prior appeal, BRR made "broad proclamations about violations of its constitutional rights" in connection with the jury's verdicts. *Badon I*, 2024 WL 4540334, at *3. We concluded that "[s]uch arguments [were] unfounded." *Id.*

Here, BRR offers more of the same—this time in just three sentences, without citing the record, and with no developed argument. BRR reiterates "broad proclamations about violations" of its due process rights because it was "unable to obtain a fair and impartial trial in the district court that restricted and limited counsel's ability to fully defend [BRR's] case." At best, that argument is duplicative of what we previously considered and rejected—and is thus foreclosed. At worst, it is so underdeveloped as to be forfeited. *See, e.g.*, FED. R. APP. P. 28(a)(8)(A) (requiring argument to include "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which appellant relies"); *Norris v. Causey*, 869 F.3d 360, 373 n.10 (5th Cir. 2017) (noting forfeiture for inadequately briefing); *United States v. Rojas*, 812 F.3d 382, 407 n.15 (5th Cir. 2016) (same for failure to cite the record).

## IV

Finding no abuse of discretion and no preserved constitutional error, we AFFIRM the district court's award of attorney fees and its denial of BRR's motion to stay enforcement of the judgment.